IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
ROBERT WILLIAM CRISP,                   Civ. No. 08-6070-AA

        Plaintiff,                      OPINION AND ORDER

    v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.
```
---

Sara L. Gabin
4500 SW Kruse Way, Suite 100
Lake Oswego, OR  97035-8651
    Attorney for plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Britannia I. Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

Nancy A. Mishalanie
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington  98104-7075
    Attorneys for defendant

1    - OPINION AND ORDER

AIKEN, Judge:

Plaintiff brings this action pursuant to Title II of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying his applications for Disability Insurance Benefits (DIB). For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

On August 9, 2005, plaintiff filed an application for DIB. Plaintiff alleges disability since November 1, 1994 due to post-traumatic stress disorder (PTSD), major depression with anxiety, obsessive-compulsive disorder, gastroesophageal reflux disease, attention-deficit hyperactivity disorder (ADHD), and chronic back pain. Tr. 11, 63-65, 73. Plaintiff's date last insured for DIB purposes was December 31, 1999. Tr. 13.

Plaintiff's application was denied initially and upon reconsideration. Tr. 11, 22-24, 26-30. After timely requesting a hearing, plaintiff and a vocational expert appeared and testified before an administrative law judge (ALJ) on June 7, 2007. Tr. 249-69. Plaintiff was unrepresented and declined to pursue legal counsel. On August 23, 2007, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act as of December 31, 1999. Tr. 11-18. The Appeals Council denied plaintiff's request for review, rendering the ALJ's decision the final decision

of the Commissioner. Tr. 4-6. Plaintiff now seeks judicial review.

Plaintiff was 34 years old as of his date last insured and 40 years old when he applied for DIB benefits. Tr. 16, 63. Plaintiff has a high school education and received training as an emergency medical technician, and his past work experience includes employment as a medical service specialist in the Air Force and as a plumber apprentice. Tr. 87-89, 253-54, 256-57.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

## DISABILITY ANALYSIS

The initial burden of proof rests upon the claimant to

3   - OPINION AND ORDER

establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant five-step sequential process. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that plaintiff met the DIB insured requirements through December 31, 1999, and that plaintiff had not engaged in substantial gainful activity since his alleged onset of disability. Tr. 13; 20 C.F.R. § 404.1520(b).

At step two, the ALJ found that plaintiff had no medically determinable impairment through his date last insured. Therefore, the ALJ found plaintiff not disabled under the meaning of the Act. Tr. 13-14; 20 C.F.R. § 404.1520(c).

Nevertheless, the ALJ proceeded with the evaluation process and found that even if plaintiff had the severe impairment of PTSD as of his date last insured, he retained the residual functional capacity (RFC) to lift 50 pounds occasionally and 25 pounds frequently; stand, walk or sit for 6 hours in an eight-hour workday; and perform simple, routine tasks with no frequent interaction with the general public. Tr. 14-16. Based on this

RFC assessment, the ALJ found that plaintiff was unable to perform his past relevant work. Tr. 16. 20 C.F.R. § 404.1520(e)-(f).[1]

At step five, the Commissioner bears the burden to establish that the claimant is capable of performing other work that exists in significant numbers in the national economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. § 404.1520(g). Considering plaintiff's age, education, work experience, and RFC, the ALJ found that plaintiff could perform other work, including jobs as a cleaner and laundry worker. Tr. 16-17. Therefore, the ALJ found that plaintiff was not disabled within the meaning of the Act as of his date last insured. Tr. 17-18.

## DISCUSSION

Plaintiff argues that the ALJ erred by finding no medically determinable impairment through plaintiff's date last insured of December 31, 1999. Plaintiff maintains that the ALJ failed to consider the opinion of an examining psychiatrist, improperly rejected plaintiff's testimony, and failed to develop the record. Plaintiff contends that the record establishes onset of cognitive impairments as of his date last insured.

In finding that plaintiff had no medically determinable impairment as of his date last insured, the ALJ noted that no medical records establish or address plaintiff's alleged cognitive

---

[1]The ALJ implicitly found at step three that plaintiff had no impairment that met or equaled the requirements of a listed impairment. 20 C.F.R. § 404.1520(d).

5   - OPINION AND ORDER

limitations or his functional capacity until 2004, almost five years later. Tr. 13-14. Plaintiff nonetheless argues that psychiatric and psychological evaluations from 2004 and 2005 reflect his cognitive limitations, in particular the assessment of Dr. Reagan, an examining psychiatrist.

Dr. Reagan examined plaintiff on October 5, 2005, almost six years after his date last insured. Dr. Reagan assessed generalized anxiety disorder, mild to moderate PTSD, and a number of rule-out disorders, including brain trauma and dementia. Tr. 162-63. During his examination, plaintiff reported that he suffered an intense fever of 105-106° while in the military. Tr. 160. Dr. Reagan stated that he believed plaintiff to be cognitively impaired and that the source of his impairment "may have been the intense fever he described while in the military." Tr. 161. Based on plaintiff's self-reported history, Dr. Reagan inferred that "he had superior cognitive skills in the past as compared to his current cognitive state. This begs the question - what caused the cognitive decline or is this acting?" Tr. 161. Although Dr. Reagan did not believe plaintiff was acting, he repeatedly raised the issue of plaintiff's reliability, noting that it might be an issue. Tr. 161, 163. Dr. Reagan further stated that review of old records would be beneficial in clarifying plaintiff's diagnosis. Tr. 162.

Plaintiff contends that Dr. Reagan's report establishes

6    - OPINION AND ORDER

cognitive impairments during plaintiff's military service and the onset of disability prior to his date last insured. I disagree and find no error in the ALJ's consideration of Dr. Reagan's opinion.

Notably, Dr. Reagan offered no opinion as to what degree plaintiff's current cognitive impairments affect his functional capacity and gave no estimation regarding the onset of plaintiff's cognitive difficulties. Rather, Dr. Reagan merely noted that plaintiff's self-reported fever might be the cause of his impairments. As noted by the ALJ, plaintiff's self-report of intense fever is uncorroborated by any medical record and conflicts with his testimony at the hearing. Tr. 15.

Plaintiff testified that memory loss prevented him from performing even simple, low stress work. Tr. 259. When specifically asked by the ALJ what caused his memory loss, plaintiff responded that he had reported a motorcycle accident to Dr. Hogan, and that when he was eighteen he was hit by a car, smashed his head on pavement and was told by a physician that he might have "problems down the road." Tr. 259-60. Plaintiff now contends that he became disabled as a result of his alleged fever during his military service, but plaintiff did not assert such fever when specifically questioned by the ALJ.

Likewise, plaintiff made no mention of intense fever during his treatment with Dr. Aitchison in 2004 and 2005, tr. 144-51, during a consultative examination with Dr. Nolan on September 28,

7    - OPINION AND ORDER

2005, tr. 154-55, or when receiving treatment from Dr. Hogan in 2007. Tr. 215-220. Instead, plaintiff told Dr. Hogan that "he started vomiting after coming in physical contact with a patient at Beal AFB" and "had to take about a week off after that." Tr. 217.

In fact, the only evidence of disability as of plaintiff's date last insured is his testimony that he has suffered from PTSD and memory loss since his military service. Tr. 259. The ALJ, however, found plaintiff's testimony not credible, and I find no error in the ALJ's credibility analysis. Plaintiff did not seek treatment for any impairment prior to 2004, and the ALJ noted that his testimony conflicts with statements made to Dr. Reagan, Dr. Aitchison, and other medical providers of record. Tr. 15; see Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599-600 (9th Cir. 1999) (an ALJ may look to medical record for inconsistencies). For example, no medical record reflects that plaintiff informed Dr. Aitchison of his fever or complained of memory or cognitive deficits, and plaintiff did not mention head trauma to either Dr. Nolan or Dr. Reagan. Tr. 144-151, 154-56, 158-63. In September 2004, Dr. Aitchison assessed plaintiff with a Global Assessment Functioning (GAF) level of 80, which the parties agree reflects only slight impairment in occupational functioning. Tr. 149.

Further, as noted by the ALJ, plaintiff indicated to Dr. Aitchison in November 2004 and January 2005 that work was "slow because of the weather" and that "his work is currently out of

8   - OPINION AND ORDER

season," suggesting that plaintiff was engaged in some type of work activity during this time period. Tr. 14, 144, 146. The ALJ also noted that plaintiff asked Dr. Hogan "to type our a letter stating that his [diagnosis] of PTSD began in the military" in order to appeal the denial of benefits, and that Dr. Hogan did not do so. Tr. 221-224. Thus, the ALJ provided clear, convincing, and specific reasons to support his credibility determination. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996).

As a result, the ALJ did not err in rejecting Dr. Reagan's speculation that plaintiff's self-reported fever could have caused his cognitive impairments. "A physician's opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded where those complaints have been properly discounted." Morgan, 169 F.3d at 602 (internal quotation marks and citation omitted). Accordingly, I find no error with respect to the ALJ's consideration of the medical evidence or his evaluation of plaintiff's credibility.

Plaintiff next argues that the ALJ erred in developing the record by failing to obtain the opinion of a medical expert and additional medical records.

Plaintiff relies on Social Security Ruling 83-20 and maintains that a medical expert was required to determine the onset of disability. As held by the Ninth Circuit, "'[i]n the event that the medical evidence is not definite concerning the onset date and

medical inferences need to be made, SSR 83-20 requires the [ALJ] to call upon the services of a medical advisor and to obtain all evidence which is available to make the determination.'" Sam v. Astrue, 550 F.3d 808, 810 (9th Cir. 2008) (quoting DeLorme v. Sullivan, 924 F.2d 841, 848 (9th Cir. 1991)); see also Armstrong v. Comm'r of Soc. Sec. Admin., 160 F.3d 587, 590 (9th Cir. 1998).

Here, the ALJ found at step two that no medical evidence established a medically determinable impairment during the relevant period and made no medical inferences concerning onset date. Given that the ALJ's step two finding is supported by substantial evidence in the record, the ALJ was not obligated to obtain the opinion of a medical expert. See Sam, 550 F.3d at 811.

Likewise, I find no error in the ALJ's development of the record. An ALJ in social security cases has a duty to fully and fairly develop the record so that the claimant's interests are considered. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" Id. (quoting Smolen, 80 F.3d at 1288).

Here, plaintiff stated that he had no records pertaining to his alleged head injury or fever, or any medical records prior to 2004. Tr. 160, 259-60. Therefore, the ALJ could not have developed the record further for the period prior to plaintiff's

10    - OPINION AND ORDER

date last insured.

Plaintiff also argues that the ALJ should have requested neuropsychiatric testing as suggested by Dr. Reagan to rule out brain trauma. Tr. 161-62. However, a CT in 2007 revealed no evidence of brain trauma and no other examining or treating medical provider recommended such testing. Tr. 241. Given that no records or credible evidence support onset of disability after plaintiff's date last insured of December 31, 1991, the ALJ did not err in failing to further develop the record.

In sum, I find no error in the ALJ's step two determination or in his assessment of plaintiff's credibility and the medical evidence.

Alternatively, plaintiff moves for remand under sentence six of 42 U.S.C. § 405(g), arguing that the case should be remanded to allow the ALJ to consider records relevant to the plaintiff's recent VA disability ruling that elevates his disability rating to 70%. It is undisputed that these records were not before the ALJ at the time his decision was rendered. Therefore, if "new and material," the proper remedy is remand to the Commissioner to consider this evidence. See 42 U.S.C. § 405(g) (sentence six remand); Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002) (sentence six remand appropriate "where new, material evidence is adduced that was for good cause not presented before the agency"); Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001).

11   - OPINION AND ORDER

However, as noted by the Commissioner, plaintiff did not submit these records for the court's review when seeking remand. Even after the Commissioner noted this failure, plaintiff has not provided them to the court. Therefore, I cannot determine whether this evidence is new or material to warrant remand under sentence six.[2] Based on plaintiff's description of the records, however, the evidence appears merely cumulative.

According to plaintiff, the new evidence consists of additional psychiatric and psychological examinations conducted i]n 2007 that conclude plaintiff suffers from a cognitive disorder or brain injury and, based plaintiff's self-reported history, resulted from plaintiff's high fever while in the military. However, no medical record supports plaintiff's contention that he suffered from a fever during his military service, and plaintiff did not allege such fever during the administrative hearing. Tr. 259-60. Moreover, as of 2004, plaintiff was determined to have only slight limitations in his occupational ability. Tr. 149. The fact that plaintiff may currently have cognitive impairments does not establish that such impairments were present or disabling as of December 31, 1999, his date last insured. Therefore, I find no basis for remand.

---

[2]Further, as the Commissioner notes, plaintiff did not confer with opposing counsel prior to filing the motion as required by L.R. 7.1 and waited until briefing was complete before seeking remand.

12   - OPINION AND ORDER

## CONCLUSION

The ALJ's finding that plaintiff is not disabled within the meaning of the Act is supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED, and plaintiff's Motion for Remand (doc. 18) is DENIED.

IT IS SO ORDERED.

Dated this  20  day of May, 2009.

　　　　　　　　　　　　　　　 /s/ Ann Aiken
　　　　　　　　　　　　　　　　Ann Aiken
　　　　　　　　　　　　　United States District Judge